IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as successor-in-interest to all permitted successors & assigns of BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2003-NC1, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>Plaintiff,<br><br>v.<br><br>DELBERT HANCOCK and WALTER HOMER,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION NO. 5:19-CV-270-H-BQ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States District Judge has automatically referred this case to the United States Magistrate Judge for pretrial management, including decisions for non-dispositive matters and findings and recommendations as to dispositive matters. Before the Court is Plaintiff The Bank of New York Mellon Trust Company, N.A., as successor-in-interest to all permitted successors and assigns of Bank One, National Association, as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2003-NC1, asset backed pass-through certificates' (BNYM) Motion for Final Default Judgment against Defendants Delbert Hancock and Walter Homer filed March 16, 2020. ECF No. 10. Defendants have not responded to the motion or otherwise appeared in this action. Having considered the relevant pleadings and applicable law, the undersigned recommends that the District Judge **GRANT** BNYM's Motion for Final Default Judgment.

I.     **Background**

A. **Factual Background**

On December 19, 2019, Plaintiff BNYM filed this action against Defendants Hancock and Homer, seeking foreclosure on real property located at 1502 E. 25th Street, Lubbock, Texas 70404. Compl. 2, 5, ECF No. 1. The property is more particularly described as follows:

> THE NORTH ONE HUNDRED TWENTY FEET (N 120') OF LOTS TEN (10) AND ELEVEN (11), BLOCK TWELVE (12), SIEBER ADDITION TO THE CITY OF LUBBOCK, LUBBOCK COUNTY, TEXAS, ACCORDING TO THE MAP, PLAT, AND/OR DEDICATION DEED THEREOF RECORDED IN VOLUME 315 PAGE 513 OF THE DEED RECORDS OF LUBBOCK COUNTY, TEXAS.

*Id.* at 2 (the Property). *See* ECF No. 1. According to the Complaint, Wanda L. Homer executed a Texas Home Equity Fixed/Adjustable Rate Note (Note) on June 25, 2003, in favor of New Century Mortgage Corporation (New Century) in the principal amount of $45,000.00. *Id.* at 2, 5; Compl. Ex. A, ECF No. 1-1. Ms. Homer contemporaneously executed a Texas Home Equity Security Instrument (Security Instrument) that granted a security interest in the property to New Century to ensure repayment under the Note. Compl. Ex. B, ECF No. 1-1. Under the terms of the Note and Security Instrument (collectively, the Loan Agreement), Ms. Homer agreed to make monthly payments of principal and interest from August 1, 2003, until July 1, 2033. Compl. 6 ¶ 13; Compl. Ex. A. The Loan Agreement provides that should Ms. Homer fail to timely pay the required monthly amount, New Century may enforce the Security Instrument by accelerating the loan and initiating foreclosure proceedings. Compl. 6 ¶ 13; Compl. Exs. A, B.

Ms. Homer passed away on January 17, 2018, and according to BNYM, payment has not been made in accordance with the Loan Agreement since October 1, 2018. Compl. 3 ¶¶ 9, 10. On March 12, 2019, New Century assigned the Loan Agreement to BNYM under a Corporate Assignment of Deed of Trust, filed in the public records of Lubbock County, Texas. Compl. Ex.

C, ECF No. 1-1. On March 22, 2019, BNYM sent a Notice of Default and Intent to Accelerate to the decedent,[1] which stated that the balance due was $3,068.54. Compl. Ex. D, ECF No. 1-1. On April 23, 2019, BNYM sent a Notice of Acceleration of Loan Maturity to Ms. Homer's address, explaining that the maturity date of the Note had been accelerated because of her failure to cure the default. Compl. Ex. E, ECF No. 1-1.

BNYM asserts that although "[a] probate proceeding was opened for [Ms. Homer] . . . the probate court did not appoint a personal representative of [Ms. Homer's] estate, and the probate proceeding was subsequently nonsuited." Compl. 1–2. Thus Ms. Homer's heirs, Defendant Hancock, who is allegedly Ms. Homer's spouse, and Defendant Homer, Ms. Homer's son, acquired her interest in the Property. *Id.* at 2. BNYM now seeks to foreclose on the mortgage and apply such proceeds to the Note. *Id.* at 5–6, 7, 9.

### B. Procedural Background

On January 3, 2020, Defendant Homer was personally served with process. ECF No. 7. Defendant Hancock was served on February 20, 2020, when a summons and copy of the Complaint were left with Patricia Jones, Hancock's sister, at Hancock's dwelling or usual place of abode. ECF No. 8. Neither Defendant answered nor filed a responsive pleading within twenty-one days of service. Thus, on March 16, 2020, BNYM asked the Clerk to enter default against Defendants Hancock and Homer and also filed this Motion for Final Default Judgment. ECF Nos. 9, 10. The Clerk entered default the same day. ECF Nos. 11, 12.

---

[1] The record before the Court shows that notice was sent to decedent's address after she passed away. As explained more fully in footnote 3, *infra*, such notice is sufficient under Texas law to permit foreclosure.

## II. Discussion

### A. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure provides that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Once the clerk has entered default, "a plaintiff may apply to the district court for a judgment based on such default." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2018 WL 7150247, at *2 (N.D. Tex. Dec. 14, 2018), *R. & R. adopted by* 2019 WL 399900 (N.D. Tex. Jan. 31, 2019). Initially, a plaintiff must establish that: (1) the defendant has been served with summons and the clerk entered default against the defendant; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service or otherwise subject to the Servicemembers Civil Relief Act; and (4) the defendant was provided with notice of the motion for default judgment. *See* 50 U.S.C. § 3931; Fed. R. Civ. P. 55; *Kingman Holdings*, 2018 WL 7150247, at *2. In considering whether to enter default judgment, a court should first consider whether such entry is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) "whether there has been substantial prejudice"; (3) whether the plaintiff clearly established the grounds for default; (4) whether the defendant's default was caused by good faith mistake or excusable neglect; (5) "the harshness of default judgment"; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Id.* The court retains discretion whether to enter default judgment against a defendant. *Id.*

After the court has determined that the plaintiff has met the procedural requirements for default judgment, it must next "assess the substantive merits of the plaintiff's claims and determine

whether there is a sufficient basis in the pleadings for the judgment." *Bokf, N.A. v. Logan*, Civil Action No. 3:19-CV-2910-B, 2020 WL 1470803, at *2 (N.D. Tex. Mar. 26, 2020) (citing *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Stated differently, when a defendant defaults, the plaintiff's well-pleaded allegations of fact concerning liability are deemed admitted. *Kingman Holdings*, 2018 WL 7150247, at *3 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–25 (5th Cir. 2002)). But "the default alone does not warrant entry of default judgment, as the Court must determine whether the well-pleaded facts state a claim upon which relief may be granted." *Id.*

Rule 8 of the Federal Rules of Civil Procedure informs this analysis. "Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten*, 788 F.3d at 496 (internal quotation marks omitted). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks omitted). Although a plaintiff need not plead "detailed factual allegations," it "must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### B. Analysis

*1. BNYM has satisfied the procedural requirements to obtain default judgment.*

BNYM has satisfied the procedural requirements of Rule 55. Defendants were served according to law but have failed to answer or otherwise respond within the time required, and the Clerk of Court has entered default against them. *See* ECF Nos. 7, 8, 9, 11, 12. BNYM has also

established that Defendants are not minors, incompetent persons, or currently engaged in military service, as required by Rule 55 and 50 U.S.C. § 3931. *See* ECF No. 9-1, Exs. A, A-1, A-2.[2] In addition, all of the *Lindsey* factors favor granting default judgment. Defendants have filed no responsive pleadings; therefore, there are no material facts in dispute. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (explaining that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Defendants' failure to answer or otherwise "respond has brought the adversary process to a halt, effectively prejudicing [BNYM's] interests." *United States v. Fincanon*, No. 7:08–CV–61–O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (citing *Lindsey*, 161 F.3d at 893). In addition, Defendants' default has been clearly established through their failure to respond and the entry of default by the Clerk. *Logan*, 2020 WL 1470803, at *3 (citing *Lindsey*, 161 F.3d at 893). With respect to the fourth and fifth *Lindsey* factors, Defendants have not filed an answer despite being served with the complaint more than two months ago, and there is no evidence to suggest that their failure to respond is a result of a good faith mistake. "[T]heir failure to respond mitigates the harshness of a default judgment." *Id.* (internal quotation marks and alterations omitted). Finally, the record contains no facts supporting a good cause reason to set aside the default were Defendants to challenge it. Because BNYM has satisfied all of the procedural requirements for default judgment, the Court considers whether BNYM's pleadings state a claim for relief.

   2. *BNYM's pleadings present sufficient basis for entry of judgment.*

BNYM asks the Court to enter default judgment against Defendants Hancock and Homer, granting a declaration that its statutory probate lien against the Property should be enforced by

---

[2] In its Motion for Default Judgment, BNYM references Exhibits A, A-1, and A-2, but they are not attached to the motion. *See* ECF No. 10. BNYM did file, however, the documents as exhibits to its Request for Clerk's Entry of Default. *See* ECF No. 9.

foreclosure or public auction. Mot. for Final Default J. 5, ECF No. 10 [hereinafter Mot.]. BNYM also seeks entry of a writ of possession against any occupant of the Property, should an occupant fail or refuse to leave the Property after foreclosure or auction. *Id.*

BNYM asserts that it has a statutory probate lien against the Property under the Loan Agreement and Texas Estates Code §§ 101.001(b) and 101.051, which provide that a decedent's estate and its debts immediately pass to the decedent's heirs. Mot. 3; Compl. 2 ¶ 2, 7 ¶ 18; *see* Tex. Est. Code Ann. §§ 101.001(b), 101.051; *Ocwen Loan Servicing, LLC v. Deane*, Civil Action No. 4:15-cv-00682-O-BP, 2017 WL 6816499, at *3 (N.D. Tex. Dec. 1, 2017), *R. & R. adopted by* 2018 WL 309105 (N.D. Tex. Jan. 5, 2018). "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of the heirs, devisees, or legatees who receive estate property." *Deane*, 2017 WL 6816499, at *3 (citing *Potts v. W.Q. Richards Mem'l Hosp.*, 558 S.W.2d 939, 943 (Tex. Civ. App.—Amarillo 1977, no writ)). BNYM provided a copy of Ms. Homer's death certificate and asserts that Defendants Hancock and Homer are Ms. Homer's heirs-at-law. Compl. 1–2; Mot. Ex. B, ECF No. 10-1. Thus, the District Judge should grant BNYM's request for a declaration of its statutory probate lien.

In addition, BNYM, the mortgagee, seeks to enforce its statutory probate lien through foreclosure or public auction under Texas Property Code § 51.002. Compl. 7 ¶ 21; Mot. 5. "Section 51.002 of the Texas Property Code provides for the sale of real property pursuant to a security instrument with a power of sale." *Deane*, 2017 WL 6816499, at *3. To foreclose through a power of sale, the lender must show that: "(1) a debt exists; (2) the debt is secured by a lien created under art. XVI, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) the defendant received notice of default and acceleration."

*Id.* (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014)).

Here, BNYM has supported all four elements with well-pleaded allegations. BNYM has provided a copy of the executed Note, demonstrating that a debt exists. Compl. Ex. A. Moreover, by providing a copy of the Security Instrument (Compl. Ex. B), BNYM has shown that the debt is secured by a lien on the Property in accordance with Article 16, Section 50(a)(6) of the Texas Constitution. In addition, BNYM has demonstrated that Defendants Hancock and Homer, as heirs-at-law, are in default on the Loan Agreement. Specifically, BNYM provided a copy of the Note Ms. Homer originally executed. Compl. Ex. A. BNYM has provided evidence of Ms. Homer's default on the Note, as reflected by the Notice of Default and Intent to Accelerate dated March 22, 2019, which stated that the total balance due as of the date of the notice was $3,068.54. Compl. Ex. D. Because Ms. Homer allegedly died intestate and no probate administration was ever opened, Defendants Hancock and Homer acquired her interest—and her debt—in the Property under Texas law. *See* Compl. 1–2 ¶¶ 2–4, 7 ¶¶ 18–19; *see also* Tex. Est. Code Ann. §§ 101.001(b), 101.051(b)(1). Thus, BNYM has established that Defendants Hancock and Homer are in default. Finally, BNYM has shown that it complied with the notice requirements contained within the Loan Agreement and the Texas Property Code when its mortgage servicer, Ocwen Loan Servicing, LLC, sent written notices of default on March 22, 2019, and of acceleration on April 23, 2019, to Ms. Homer's address of record.[3] Compl. Exs. D, E.

---

[3] BNYM has not supplied evidence showing that it notified Defendants Hancock and Homer of the default and acceleration. The Texas Property Code, however, provides that a mortgage servicer "shall serve a *debtor* in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien . . . ." Tex. Prop. Code Ann. § 51.002(d) (emphasis added). The Court further observes that Defendant Homer apparently lives at the Property to which the notices were mailed. *See* Compl. 2 ¶ 4; ECF No. 7. The Court finds that BNYM, through its mortgage servicer, has satisfied the notice element despite its apparent failure to directly inform Defendants Hancock and Homer of the default and acceleration. *See Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 55–56 (5th Cir. 2008)

Thus, BNYM has shown that: a debt exists; the debt is secured by a lien; Defendants, Ms. Homer's heirs-at-law, are in default under the Loan Agreement; and it properly provided notice of the default and acceleration on the debt. Defendants Hancock's and Homer's defaults serve as admissions of BNYM's allegations. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. As discussed above, based on the uncontested record, BNYM's Complaint establishes that Defendants, as heirs-at-law of Ms. Homer, received an interest in the Property upon her death, and payments have not been made under the Loan Agreement since October 1, 2018. The Court therefore finds that BNYM's allegations warrant a declaratory judgment that, in accordance with BNYM's statutory probate lien, it may foreclose upon Defendants' interest in the Property at issue.[4]

### III.   Recommendation

For these reasons, the undersigned recommends that the United States District Judge **GRANT** BNYM's Motion for Final Default Judgment (ECF No. 10) and enter a default judgment granting BNYM's request relief.

### IV.   Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

---

(agreeing with district court's conclusion that Texas law did not require mortgage servicer, in the event of the debtor's death, "to conduct some level of investigation to determine the legal heirs for purposes of proper notification prior to foreclosure"); *Deutsche Bank Tr. Co. Ams. for Residential Asset Mortg. Prods., Inc. v. Comstock*, Civil Action No. 3:16-CV-3210-G-BH, 2018 WL 3352992, at *9 (N.D. Tex. June 11, 2018), *R. & R. adopted by* 2018 WL 3344374 (N.D. Tex. July 9, 2018) (finding mortgage servicer had satisfied fourth element (notice) necessary to obtain foreclosure through a power of sale by notifying the debtor, who was deceased, of the default and acceleration); *cf. Fenimore v. Gonzales Cty. Sav. & Loan Ass'n*, 650 S.W.2d 213, 215 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.) (reversing lower court and setting aside foreclosure sales of real property where creditor failed to send notice of foreclosure sales to decedent, her estate, or estate's temporary administrator at decedent's last known address).

[4] BNYM has not indicated whether there are any other heirs of Ms. Homer; thus, the undersigned recommends entry of default judgment only as to the named Defendants. This follows the specific relief request by BNYM in its motion. Mot. 5.

with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May 18, 2020

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE