UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., <br><br> Plaintiff, <br><br> v. <br><br> DELBERT HANCOCK, et al., <br><br> Defendants. | No. 5:19-CV-270-H-BQ |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge D. Gordon Bryant made Findings, Conclusions, and a Recommendation (FCR) in this case on May 18, 2020. Dkt. No. 13. No objections to the FCR were filed. The District Court has therefore reviewed the proposed FCR for clear error. Finding none, the Court accepts the FCR of the United States Magistrate Judge. The Bank of New York Mellon Trust Company, N.A.'s Motion for Default Judgment, Dkt. No. 10, is granted.

1. **Factual and Procedural History**

In December 2019, Bank of New York Mellon sued the named defendants in diversity, alleging that it is entitled to foreclosure due to default on the mortgage by the subsequent owners. Dkt. No. 1. BONYM seeks a declaratory judgment that the lien on the property is valid and that it is entitled to foreclose on the property or sell it at public auction. *Id.* at 6–9. BONYM additionally brings claims for trespass to try title and attorney's fees. *Id.*

The property central to this case, 1502 E. 25th Street, Lubbock, Texas 79404, was purchased by the late Wanda Homer. Dkt. No. 1 at 1–2. Wanda executed a Texas Home Equity Security Instrument as well as a Note ("Loan Agreement") on the property and granted New Century a security interest in the property. *Id.* The Security Instrument was recorded in Lubbock County, Texas in July 2003. *Id.* at 5. Wanda died on January 17, 2018. *Id.* at 1. A probate proceeding was opened, but no representative of Wanda's estate was appointed, and the probate action was subsequently nonsuited. *Id.* 1 at 1–2.

Wanda's heirs at law—her husband, Delbert Hancock, and her son, Walter Homer—acquired Wanda's interest in the property upon her death, but they have failed to make payments since October 2018. *Id.* at 6. New Century subsequently assigned its interest in the Note and Deed of Trust to Bank of New York Mellon in March 2019, which was also recorded in Lubbock County. *Id.* at 5–6. Bank of New York Mellon sent all legally required notices prior to filing its complaint. *Id.* at 6.

Walter Homer and Delbert Hancock were served with process on January 3, 2020 and February 20, 2020, respectively. Dkt. Nos. 7, 8. Neither filed an answer. As a result of their failure to answer, Bank of New York Mellon filed its motion for default judgment, which the Court now grants. Dkt. No. 10.

2. **Applicable Law**

   A. **Standard of Review**

When a party objects to a Magistrate Judge's findings, conclusions, and recommendations regarding a dispositive motion, the party must "serve and file specific written objections" to the proposed disposition. Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1). Where no such specific objections are filed within the 14-day period, the Court

reviews the Magistrate Judge's findings, conclusions, and recommendations only for clear error. Fed. R. Civ. P. 72(b)(3); *see also Wilson v. Smith & Nephew, Inc.*, No. 3:12-CV-1063-B, 2013 WL 1880770, at *1 (N.D. Tex. May 6, 2013).

More than 14 days have passed since Judge Bryant entered his FCR. Dkt. No. 13. The docket sheet reflects that no objections have been filed. Accordingly, the Court reviews Judge Bryant's FCR only for clear error.

### B. Legal Standards Governing Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment and sets forth certain conditions under which default may be entered against a party and the procedure to seek the entry of default judgment. *N.Y. Life. Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs where a defendant fails to plead or otherwise respond to the complaint within the allotted time, entitling the plaintiff to apply for a judgment based on such default. *Id.* Default judgment is a three-step procedure requiring: (1) the defendant's default, (2) the entry of default, and (3) the issuance of a default judgment. *Id.* There is no requirement that the district court enter a default judgment; the rendering of a default judgment is discretionary. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). A party is not entitled to default as a matter of right, even where the defendant is technically in default. *Lewis*, 236 F.3d at 767 (citing *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Default judgment is disfavored in federal court. *Id.*

Through their failure to answer the complaint, the defendants admit the plaintiff's allegations of fact, and the facts are deemed admitted for the purposes of the judgment.

3

*Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant is barred from contesting these facts on appeal. *Id.*

In order to obtain a default judgment, the movant must establish that (1) default was entered against the defendants; (2) the defendants are neither minors nor incompetent persons; (3) defendants are not in military service; and (4) the defendants were provided with notice of the motion for default judgment. Fed. R. Civ. P. 55; 50 U.S.C. § 3931; *Ocwen Loan Servicing, LLC v. Deane,* 2017 U.S. Dist. LEXIS 214410, at *5 (N.D. Tex. Dec. 1, 2017), *report and recommendation adopted,* 2018 U.S. Dist. LEXIS 2072 (N.D. Tex. Jan 5, 2018).

C. **Texas real-property law applies to the issue of foreclosure.**

The Court, sitting in diversity, must apply state law to the substantive rights at issue. *Ditech Fin., LLC v. Naumann,* 742 F. App'x 810, 812 (5th Cir. 2018) (citing *Hall v. GE Plastic Pac. PTE Ltd.,* 327 F.3d 391, 395 (5th Cir. 2003)). Here, Texas real-property law governs.

Under Texas law, a decedent's estate and debts pass immediately to the decedent's heirs upon death. Tex. Est. Code Ann. §§ 101.001(b), 101.051. The remedy for parties possessing a statutory probate lien is to enforce the lien against the property held by the heirs, devisees, or legatees in receipt of the estate property. *Deane,* 2017 U.S. Dist. LEXIS 214410, at *7.

Further, a mortgagee is permitted to non-judicially foreclose on real property under an instrument with a power-of-sale provision. *De La Garza v. Bank of N.Y. Mellon,* 2018 Tex. App. LEXIS 8970, at *13 (Tex. App.—Fort Worth Nov. 1, 2018). A "mortgagee" is "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code. Ann. § 51.0001(4)

(West 2019). BONYM is the mortgagee by virtue of the recorded assignment of the security interest from New Century. Dkt. No. 1 at 5–6.

To non-judicially foreclose under a security instrument with a power of sale, Texas law requires the lender (or the lender's assignee) to demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50 (a)(6) of the Texas Constitution; (3) the borrowers are in default under the note and security instrument; and (4) the borrowers received notice of default and acceleration. Tex. Prop. Code. § 51.002; *Weeks v. Green Tree Servicing LLC*, 2017 U.S. Dist. LEXIS 157648, at *21–22 (N.D. Tex. Sept. 11, 2017) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014)).

3. **There are no objections to the Magistrate Judge's Findings, Conclusions, and Recommendations, and the Court finds that Bank of New York Mellon is entitled to default judgment.**

A review of the docket indicates that Magistrate Judge Bryant's FCR issued on May 18, 2020. Dkt. No. 13. The deadline for any objections was June 1, 2020. A review of the docket indicates that no objections have been filed by the deadline, and the Court may now rule on the FCR.

The Court notes that Bank of New York Mellon has properly satisfied the requirements for default judgment. The defendants were served with both the Complaint and Motion for Default Judgment but have failed to answer or otherwise respond within the time required, and the plaintiff has properly requested the entry of default by the Clerk of Court. Dkt. Nos. 7–9, 11, 12. Thus, the Court finds that the procedural requirements have been met and that it may consider entry of a default judgment.

As noted in the FCR, Bank of New York Mellon has provided documentation of the default on the Note, Wanda's death, and its compliance with the applicable notice requirements. Further, it has demonstrated that it is the mortgagee in this case and is entitled to foreclosure under the Note. These facts are deemed admitted due to the defendants' failure to answer the Complaint.

Lastly, the Court must consider whether the defendants are minors, incompetent persons, or active military before finally rendering default judgment. Fed. R. Civ. P. 55(b) (permitting entry of default judgment against minors or incompetent persons "only if represented by a general guardian, conservator, or other like fiduciary"); *see also* Servicemembers Civil Relief Act, 50 U.S.C.S. Appx. §§ 3901 *et seq*. BONYM indicates that neither defendant is on active-duty military status, though it appears that BONYM has omitted the related exhibit. Dkt. No. 10 at ¶ 15. However, despite this oversight, there is no indication that the defendants are active-duty military members, and in light of the default, the Court must accept BONYM's allegation the defendants are not. Further, there is no indication that any of the defaulting defendants are minors or incompetent. Default judgment is thus appropriate.

4. **Conclusion and Order**

The Court adopts the FCR of the United States Magistrate Judge and finds that, because Delbert Hancock and Walter Homer have failed to answer the Complaint and that Bank of New York Mellon has sent all required notices to the affected parties, Bank of New York Mellon's motion for default judgment is granted. After the Court enters judgment by a separate document, the Clerk of Court is ordered to terminate this case.

So ordered on June 4, 2020.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE